# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### *Eastern Division*

| | |
|---|---|
| VISHAL GOVINDBHAI PATEL<br>   8 Bardsey Dr<br>   Schaumburg, IL 60194<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>JOSEPH B. EDLOW, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br><br>TODD BLANCHE, in his official capacity, Acting Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>Defendants. | Civil Action No. 1:26-cv-9382 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF**

**MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road,

Suite 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email:

sadaf@jeelani-law.com.

1

**INTRODUCTION**

COMES NOW VISHAL GOVINDBHAI PATEL (hereinafter "Plaintiff PATEL" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1.     This action arises from Defendants' failure to adjudicate Plaintiff PATEL's Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("VAWA Petition"), and Form I-485, Application to Register Permanent Residence or Adjust Status ("Application"), within a reasonable period of time.

2.     On March 20, 2023, Plaintiff PATEL properly filed his VAWA Petition with U.S. Citizenship and Immigration Services ("USCIS"), as a self-petitioning spouse of an abusive United States citizen or lawful permanent resident.

3.     On August 12, 2020, Plaintiff PATEL properly filed Form I-485, Application to Register Permanent Residence or Adjust Status, to apply for permanent resident status.

4.     This action is brought as a result of Defendants' failure to adjudicate Plaintiff PATEL's Form I-360 VAWA Petition and Form I-485 Application (collectively "respective Forms") within a reasonable period of time.

5.     Plaintiff PATEL's Form I-360 has been in pending status since March 20, 2023, for a period of over three years and four months (over 40 months), which is over six times the historical average processing time (6.1 months) for similar filings[1].

6.     Plaintiff's Form I-485 Application has been in pending status since August 12, 2020, for a period of over five years and eleven months (over 71 months), which is over nine times the historical average processing time (5.8 months) for similar filings.[2]

---

[1]See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt (Form I-360, Immigrant Petition, All Classifications, FY 2026 median: 6.1 months).
[2]See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt (Form I-485, Family-based Adjustment of Status Applications, FY 2026 median: 5.8 months. Importantly, even during the peak of the COVID Pandemic, USCIS's reported median processing times for family-based adjustment applications was

7.      Plaintiff has a clear right to the adjudication of his respective Forms within a timely manner. The final adjudication of his respective Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

8.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff PATEL's respective Forms.

**PARTIES**

9.      Plaintiff VISHAL GOVINDBHAI PATEL is a citizen of India, and for purposes of the instant action, he is a resident of Cook county, Illinois. Plaintiff PATEL is the applicant of a properly filed Form I-485, Application for Adjustment of Status, and the petitioner of a properly filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant.

10.     Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1. This action is filed against him in his official capacity.

11.     Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

12.     Defendant TODD BLANCHE is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of

---

9.3 months (see, USCIS Historical Processing Times Trends Fiscal Year, 2016-2024, available at: https://www.uscis.gov/sites/default/files/document/fact-sheets/historical_pt_factsheet_fy16_to_fy24.pdf).

Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedure Act, 5 U.S.C. § 701, et seq., because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides, and no real property is involved in the instant case.

## EXHAUSTION OF REMEDIES

15. The Plaintiff has repeatedly requested that the Defendants make a final decision on his respective Forms. Furthermore, Plaintiff has initiated numerous inquiries with USCIS directly, as well as through the Office of Congressman Raja Krishnamoorthi (IL-08), requesting adjudication of his respective Forms, all to no avail.

16. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish his eligibility for the approval of his respective Forms.

17. There are no further administrative remedies available for Plaintiff to utilize.

**FACTUAL ALLEGATIONS**

18.     On August 12, 2020, Plaintiff PATEL properly filed Form I-485, Application to Register Permanent Residence or Adjust Status, concurrently with a Form I-130, Petition for Alien Relative, filed on his behalf by his then-spouse (Receipt No. MSC2091567962). [EXHIBIT A].

19.     On November 28, 2020, USCIS issued a notice scheduling Plaintiff for a biometrics appointment on December 23, 2020, which Plaintiff attended as scheduled. [EXHIBIT B].

20.     On April 9, 2021, Plaintiff attended his first Form I-485 adjustment of status interview, at which he fully cooperated and truthfully answered all questions asked by the interviewing officer.

21.     Following that interview, USCIS issued no decision. Plaintiff subsequently submitted multiple service requests to USCIS and sought assistance from his congressional representative regarding the continuing delay.

22.     On June 1, 2022, USCIS conducted a second adjustment of status interview, commonly known as a "Stokes interview." [EXHIBIT C]. Plaintiff again fully cooperated and truthfully answered all questions asked by the interviewing officer. Following this second interview, USCIS again issued no decision.

23.     During the pendency of his Form I-485, Plaintiff's marriage deteriorated, and Plaintiff became the victim of abuse and extreme cruelty by his then-spouse, a United States citizen.

24.     As a result, on March 20, 2023, Plaintiff properly filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, as a VAWA self-petitioner (Receipt No. LIN2316950036). USCIS issued a receipt notice on April 18, 2023. [EXHIBIT D].

25.     On May 10, 2023, USCIS issued a Request for Evidence directing Plaintiff to submit a completed Form I-693, Report of Immigration Medical Examination and Vaccination Record.

5

Plaintiff timely responded by submitting the completed Form I-693 and all requested documentation.

26.     On June 23, 2023, USCIS issued a Prima Facie Determination finding that Plaintiff's VAWA self-petition established a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act. That determination has since been repeatedly extended by USCIS, most recently through a notice dated May 5, 2026, extending validity through November 1, 2026, without a final adjudication having been issued. [EXHIBIT E].

27.     Plaintiff has made numerous inquiries with USCIS since the filing of his respective Forms, including e-Request inquiries on September 13, 2021, January 15, 2022, May 10, 2023, July 20, 2023, December 6, 2024, and March 24, 2025, all of which resulted in generic responses without any indication of when a decision will be made.

28.     Plaintiff has also made inquiries through the Office of Congressman Raja Krishnamoorthi (IL-08). In a letter dated July 13, 2026, the Congressman's office confirmed that Plaintiff's Form I-360 and Form I-485 remain pending at the USCIS Vermont Service Center and have not yet been assigned to an officer.

29.     Plaintiff was advised through correspondence from the Office of Congressman Krishnamoorthi, dated July 13, 2026, that the currently posted processing time for VAWA Form I-360 petitions is approximately 50 to 51 months, an increase from the approximately 38 to 40 months posted when Plaintiff filed his petition in March 2023. At the same time, USCIS's own historical national median processing-time data reflects that Form I-360 petitions filed in 2023 were adjudicated in a median of approximately 6.8 months. USCIS has offered no explanation for the disparity between those historical adjudication times and the substantially longer delays now experienced by Plaintiff, which are nearly six times greater.

30.     Plaintiff's Form I-360 Petition has now remained pending for over 40 months, while his Form I-485 Application has remained pending for over 71 months, all without resolution.

31.     The Defendants have not provided any explanation that would justify the need for the continuing delay in adjudicating Plaintiff's respective Forms.

32.     Plaintiff has endured significant financial and emotional burdens because of the unreasonable period of time that his respective Forms have remained without a final adjudication, including ongoing uncertainty, anxiety, sleep disruption, and difficulty concentrating at work.

33.     Plaintiff PATEL has been deprived of the opportunity to accumulate sufficient time as a permanent resident to become eligible for U.S. citizenship.

34.     Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure to adjudicate Plaintiff's respective Forms within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA – FORMS I-360 and I-485

35.     All prior paragraphs are re-alleged as if fully stated herein.

36.     Plaintiff PATEL has a statutory right to apply for adjustment of his status to that of a permanent resident by filing Form I-485, Application to Register Permanent Residence or Adjust Status, based on an approved or approvable VAWA self-petition.

37.     Defendants have a duty to adjudicate Plaintiff PATEL's respective Forms within a reasonable period of time under 5 U.S.C. §555(b).

38.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

39.     No other adequate remedy is available to Plaintiff.

40. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his respective Forms, including a granted prima facie determination on the VAWA Petition and a completed Form I-693 in response to Defendants' Request for Evidence.

41. Given the Defendants' lack of a reason for not making a decision on Plaintiff PATEL's respective Forms for over 40 months since the filing of his Form I-360 Petition, and over 71 months since the filing of his Form I-485 Application, Plaintiff's respective Forms have been pending for an unreasonably long period of time.

42. Defendants have failed in their statutory duty to adjudicate Plaintiff PATEL's respective Forms within a reasonable period of time.

43. Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff PATEL's respective Forms and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's respective cases.

44. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have unreasonably delayed adjudication of Plaintiff's respective Forms and have failed to take final agency action within a reasonable time, thereby depriving Plaintiff of the rights to which he is entitled.

45. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Furthermore, Plaintiff PATEL has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's respective Forms.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's respective Forms immediately.

3. That the Court declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's respective Forms in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

4. That the Court retain jurisdiction over this matter to ensure compliance with the Court's order.

5. That the Court award reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

6. Grant such other and future relief as this Court deems proper under the circumstances.

Date: August 5, 2026

Respectfully submitted,
/s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (3668749)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone: (312) 767-9030**
**Fax: (312) 549-9981**
*Attorney for Plaintiff*